## IN THE CIRUCIT COURT OF LITTLE RIVER COUNTY, ARKANSAS
### CIVIL DIVISION

**JIMMIE BARNES**                                                    **PLAINTIFF**

**V.**                          No.: _CV2014-59-2_

**DOLGENCORP, LLC**
**d/b/a DOLLAR GENERAL**                              **DEFENDANT**

### COMPLAINT

Jimmie Barnes, by and through her attorney, Steve Harrelson, for her Complaint against the Defendant, alleges and states:

### Parties and Jurisdiction

1.      The Plaintiff is a citizen and resident of Henry County, Georgia.

2.      The Defendant is a Corporation licensed to do business in the state of Arkansas and owns the "Dollar General" store located in Foreman, Little River County, Arkansas and has at all times relevant herein.  The Defendant may be served with process by serving it agent of service, The Corporation Company, Spring Building, 300 Spring Street, Suite 900, Little Rock, Arkansas  72201.  Plaintiff request that Summons issue, listing the agent of service.

3.      The acts and omissions giving rise to this Complaint occurred in Little River County, Arkansas.  This Court has jurisdiction over the parties and subject matter hereof, and venue is proper with this Court.

FILED
LITTLE RIVER CO.
ANDREA BILLINGSLEY
CIRCUIT CLERK
2014 AUG 13 A 11:58

**EXHIBIT A**

### Factual Background

4.      On May 8, 2013, Dolgencorp, LLC d/b/a Dollar General (hereinafter "Defendant") operated a business located at 117 Schuman Street in Foreman.

5.      On May 8, 2013, the Defendant's business was the operation of a variety store for profit.

6.      On May 8, 2013, the Defendant advertised, promoted, and marketed itself as a general merchandise retailer open to the general public.

7.      On May 8, 2013, Jimmie Barnes went to the Dollar General store in Foreman to purchase a small bottle of tea between 9:00 p.m. and 9:30 p.m. and to shop for moth balls.

8.      At the end of one aisle inside the store, Jimmie Barnes turned left towards the back cooler to get her tea. After getting her tea, Plaintiff slipped on a substance on the floor, of which the Defendant had actual or constructive notice, and incurred serious injury.

9.      A woman named Rebecca, who represented herself as the manager of the Dollar General store location, along with Kelly Miller, a cashier, made statements directly after the Plaintiff fell that juice was poured out on the floor by "some children." These two employees retrieved two open juice bottles near the location where the Plaintiff was injured. These facts substantiate the requirement of actual or constructive knowledge of the defect on the Defendant's premises.

10.      The Defendant owed a duty to Jimmie Barnes to maintain the premises in a reasonably safe condition.

11.      On May 8, 2013, the Defendant negligently/recklessly maintained the flooring of the store and failed, either directly or by omission, to clean any substance that would cause injury immediately after it had actual or constructive knowledge of the spill.

2

EXHIBIT A

12.     On May 8, 2013, the Defendant negligently/recklessly failed to identify the unsafe condition in the store when it knew or should have known of its existence.

13.     As a result of the Defendant's negligence/recklessness, Jimmie Barnes slipped on the juice in the floor causing her to fall and injuring her.

14.     As a result of the Defendant's negligence/recklessness, Jimmie Barnes went directly to the Emergency Room at St. Michael's Hospital in Texarkana for treatment of her injuries. The Plaintiff incurred medical expenses as a result of this treatment.

15.     As a result of the Defendant's negligence/recklessness, Jimmie Barnes suffered injuries down the right side of her body.

16.     As a result of the Defendant's negligence/recklessness, Jimmie Barnes has required extensive medical treatment.

17.     As a result of the Defendant's negligence/recklessness, Anita Gibson incurred medical expenses.

### Causes of Action

### Count I: Recklessness

18.     The Defendant failed to maintain its premises using ordinary care.

19.     The Defendant knew or should have known that a dangerous condition existed on its premises and recklessly chose not to identify and rectify it, specifically the juice on the floor, and is liable for the Plaintiff's injuries.

20.     The Defendant recklessly failed to maintain the floor by allowing juice to remain on the floor, causing an unsafe condition.

21.     As a proximate cause of the Defendant's recklessness, the Plaintiff was injured.

3

# EXHIBIT A

## Count II: Negligence

22.     The Defendant failed to maintain its premises using ordinary care.

23.     The Defendant knew or should have known that a dangerous condition existed on its premises and negligently chose not to identify and rectify it, specifically the juice on the floor, and is liable for the Plaintiff's injuries.

24.     The Defendant negligently failed to maintain the floor by allowing juice to remain on the floor, causing an unsafe condition.

25.     As a proximate cause of the Defendant's negligence, the Plaintiff was injured.

### Damages

26.     As a proximate result of the Defendant's negligence/recklessness, the Plaintiff has incurred medical expenses in the past and is reasonably certain to incur medical expenses in the future.

27.     As a proximate result of the Defendant's negligence/recklessness, the Plaintiff suffered pain and suffering in the past and is reasonably certain to suffer pain and suffering in the future.

28.     As a proximate result of the Defendant's negligence/recklessness, the Plaintiff suffered emotional distress in the past and is reasonably certain to suffer emotional distress in the future.

### Trial by Jury

29.     The Plaintiff demands a trial by jury.

**WHEREFORE,** the Plaintiff, Jimmie Barnes, prays that she have and recover from the Defendant an amount greater than that required for Federal Diversity Jurisdiction and for all other just and proper relief to which she may show herself entitled.

4

EXHIBIT A

Respectfully Submitted:

HARRELSON LAW FIRM, P.A.
Post Office Box 40 (75504)
300 State Line Avenue
Texarkana, Arkansas 71854
Tel.: (870) 772-0300
Fax: (870) 772-0302

BY: _____

Steve Harrelson
Ark. Bar No. 2000086
La. Bar Roll No. 28361
Tex. Bar No. 24036729

5

EXHIBIT A